Winfred S. Clardy, Executive Director Teacher Retirement System Education Building West #3 State Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Clardy:
This letter is in response to your request for an opinion as to the disbursement of contributions in the system when a member of the system is a party to a divorce and is awarded one-half of the member's contributions in the system up to a particular date agreed upon by the two parties. Your specific questions are:
 1. Under Ark. Stat. Ann. 80-1443, 9.14 (a), (b), and (c), as long as the member has neither terminated employment in a covered position or retired, does the Teacher Retirement System have to disburse the contributions awarded in the divorce decree?
 2. If the answer to question #1 is no, and the receiving party must wait until termination or retirement, what process should be used in disbursing the funds? (If the member terminates, a lump sum disbursement would ordinarily be made to the member. If the member retired, monthly benefits are paid.)
 3. If the answer to question #1 is yes, by what method do we credit the member's deposit account with both the remaining contributions and service credit?
 4. If the answer to question #3 is that the remaining contributions and service credit will be credited to the member's account according to the proportion of contributions awarded in the divorce decree, may the member repay the amount disbursed and restore full contributions and service credit?
In addition to the information supplied in your letter, we understand that the system has not been made a party to the divorce action or otherwise been subjected to the jurisdiction of the applicable court.
In response to your first question, it appears that a member who has neither terminated employment nor retired is not entitled to receive his/her contributions from the system. It further appears that the intent of Ark. Stat. Ann. 80-1443 (9.14(a)) is to prevent the contributions from being paid to a party other than the member by assignment or by any process of law. Consequently, although there may be an agreement by the member to give a portion of contributions to a spouse as part of a divorce decree, the spouse cannot use an assignment or process of the court to compel payment from the system for an active member's contributions because same is not payable until retirement or termination of employment.
In response to your second question, it appears that the system must pay the contributions, annuity or other applicable payment to the member. Ark. Stat. Ann. 80-1443 (9.14(a)) precludes payment to an assignee or other person pursuant to some process of a court. Of course, if the system were served with process, it would be obligated to respond and plead this statute as a defense.
Because the response to your first question is negative, no response to questions 3 and 4 is appropriate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Thomas S. Gay.